UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| II Scorpion, Inc., | ) | CASE NO. 1:15 CV 636 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Safeguard Properties, LLC, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion for Partial Summary Judgment (Doc. 23).  For the following reasons, the motion is GRANTED.

### Facts

Plaintiff II Scorpion, Inc. filed an Amended Complaint against defendant Safeguard Properties, LLC which generally alleges that in 1997 the parties entered into an agreement whereby plaintiff would provide construction and construction-related services to defendant. For the period between 2013 and 2015, defendant owes plaintiff in the amount of $717,656.42 for services performed.  Plaintiff attaches two spreadsheets delineating 136 work orders with

1

amounts due and owing on each. (Am.Compl. Exs. 2 and 3)  Additionally, defendant improperly assessed to plaintiff $81,656.76 in "chargebacks" on 30 work orders. (*Id.* Ex. 4) Three claims are asserted: breach of contract (Count One), quantum meruit/unjust enrichment (Count Two), and money due (Count Three).

Defendant submits the affidavit of Steve Meyer, its Assistant Vice President of High Risk and Hazard Claims, who provides the following background information. Defendant inspects and maintains defaulted and foreclosed properties. Plaintiff was one of defendant's contractors making hazard claim repairs to residential properties in the Detroit area in 2013-2014. Defendant issued work orders to plaintiff for either general work or hazard claim repairs to the property. Each work order was designated a number. Plaintiff would be supplied with the scope of the work needed to be done and asked to confirm that it could perform the repairs in the scope for the specified and approved amount in the work order. Bids were made by plaintiff to defendant if additional funds were needed to do the work at the property. Hazard claim repairs involved insurance, resulting in two separate payments made by defendant to plaintiff - ACV (independent insurance adjuster) and RDP (recoverable depreciation) payments. Plaintiff supported its bids and work performed through photographs and work order updates. Work orders had deadlines. Defendant had a chargeback policy for insufficient or substandard work done by contractors. Payment by defendant to plaintiff occurred by check with a contemporaneous remittance text or check detail sent via email. The texts detailed the work orders being paid, the amount paid, and the check number.  (Meyer aff.)

Vernon Wilson, plaintiff's owner, "handled the books" for II Scorpion.  He referred to the remittance texts as "check details" and called them his "Bible."  Wilson acknowledged that

the check details represent orders completed and amounts paid by defendant to plaintiff. Wilson retired from II Scorpion in 2015 due to health reasons, thereby terminating his business relationship with defendant.  (Wilson depo.)

This matter is now before the Court upon defendant's Motion for Partial Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc*., 8 F.3d 335, 340 (6th Cir.1993).  The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts

must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Defendant moves for partial summary judgment arguing that it demonstrates that all but a few of the 136 work orders submitted with the Amended Complaint have been paid and the chargebacks were properly assessed. Defendant presents documentary evidence supporting all of its assertions with regard to each work order and chargeback. (*See* Meyer aff.; Sealed Documents Exhibits 1, 2, 3, 4, 5) Plaintiff does not dispute some of the work orders as follows:

(1) Twenty-five work orders identified in defendant's motion (footnote 1) resolved as part of a partial release ($30,215.30).

2) Twenty work orders identified in defendant's motion (footnote 2) which plaintiff acknowledges had been paid in full ($14,497.28).

3) Forty-four work orders plaintiff acknowledges had been paid in full based on information provided in defendant's motion (pages 9-22) ($325,737.19).

4) One work order identified in defendant's motion (page 11) was partially paid based on the amount of repairs actually completed by plaintiff ($105,414.83)

5) Three work orders identified in defendant's motion (pages 10, 16, and 20-21) were actually paid although plaintiff's brief acknowledges only partial payments- defendant paid one work order in full with two separate payments ($11,939.53), defendant paid one work order in full with two separate payments ($2,867.84), defendant paid one work order in full with two separate payments ($2373.56).

6) Plaintiff no longer disputes 10 of the 30 work orders identified as chargebacks and referenced in defendant's motion (footnote 3) ($26,447.40).

Accordingly, of the 136 work orders identified in the Amended Complaint (Exhibits 2 and 3), plaintiff no longer disputes 47 (in the amount of $284,570.46). As for the chargebacks, 20 remain in dispute (in the amount of $55,209.36). However, plaintiff fails to offer supporting documentation to raise an issue of fact as to the remaining work orders which defendant's motion establishes were paid or chargebacks properly assessed as evidenced by affidavits, business records, invoices, payment information, and canceled checks. (Meyer aff., Exs. 1-5) In its reply, defendant demonstrates that the disputed remaining work orders were paid despite plaintiff's arguments to the contrary. As discussed below, plaintiff only raises arguments without documentation to controvert defendant's evidence.

Plaintiff argues that while defendant paid certain work orders, payment was "delayed" and, therefore, plaintiff should recover accrued interest and this Court should make a "secondary analysis" in this regard. But, plaintiff produces no evidence to support its argument. Rather, defendant shows that the work orders and invoices contained no specific deadline for payment.

5

Next, plaintiff argues that issues of fact exist as to the 20 remaining chargebacks because the reasons given by defendant for the chargebacks (work not performed, underperformed work, or deficient work) must be adjudicated by this Court to determine the level, quality, and completion of plaintiff's construction rehabilitation services. Again, plaintiff offers no documentary evidence in support of its assertion that the chargebacks were improper so that the Court could conduct such an analysis. Rather, defendant has offered ample evidence to demonstrate that the chargebacks were justified. *See* Doc. 23 at 32-38; Meyer aff. ¶ 16(a)-(i)and Exs.

Finally, plaintiff argues there are issues of fact as to the RDP payments.  Plaintiff claims that it has "limited knowledge of the concept of RDPs." (Doc. 31 at 10) Wilson testified that he was "somewhat" familiar with recoverable depreciation. (Wilson depo. 30)  Plaintiff concludes that there is an issue of material fact "with respect to the concept of RDPs, itself, and the amounts claimed to be paid by Safeguard under the RDP theory." (Doc. 31 at 10) Again, no issue of fact exists. Meyer explained in his affidavit that hazard claim repairs involved insurance and so payment was made to plaintiff in two separate payments.  First, the ACV payment was made without an inspection of the work.  Second, the RDP payment was paid to plaintiff after an independent adjuster verified the work was done.  The RDP payment was provided under a work order different from the original work order number to repair the property. The original work order would notify plaintiff that a RDP payment would be involved. (Meyer aff. ¶ 7) Indeed, the following language appeared in work orders that plaintiff accepted for insurance claim repair work:

    \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*SPECIAL NOTE\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
    Insurance funds are issued at two separate times as they relate to these damages. The

6

> initial payment (ACV) has been received, and the remainder (Recoverable Depreciation) will be issued once the carrier confirms completion of the repairs.
>
> Your initial payment under this order will reflect a pro rated amount of the ACV claim settlement. Final payment will be issued under a separate work order once the insurance carrier acknowledges they are satisfied with repairs, and are releasing recoverable depreciation.

(Doc. 26, Sealed document Ex. 4)

Thus, plaintiff was notified that it would receive two separately timed payments under two different work orders. Defendant has provided the documentation demonstrating that payment was made on every work order where RDP was involved.  Plaintiff offers no countering evidence. Payments were made pursuant to the terms of the work orders. The concept of RDP was explained in the work orders and the messages following the work orders.

Having not disputed the evidence presented by defendant, plaintiff's arguments are unavailing and the Court finds that defendant had made payment on all but four work orders for a total of $2,373.02 still due and owing:

> Number 133014668: $.02 owed
>
> Number 133342252: $323.00 owed
>
> Number 116516089: $2,000.00 owed
>
> Number 135030143: $50.00 owed

Additionally, the Court notes that defendant acknowledges that it owes money to plaintiff on five work orders and one chargeback in the total amount of $9,421.45.  Defendant asserts that the parties are endeavoring to resolve these work orders with a partial release. (Doc. 23 at footnote 4, Doc. 32 at footnote 6) Plaintiff also acknowledges that the parties are presently negotiating a resolution for these six work orders. (Doc. 31 at footnote 2)

Accordingly, defendant's Motion for Partial Summary Judgment is warranted on plaintiff's claims for breach of contract, quantum meruit/unjust enrichment, and money due.  All work orders except the ten identified immediately above have been paid or resolved.

**Conclusion**

For these reasons, defendant's  Motion for Partial Summary Judgment is granted.

IT IS SO ORDERED.


                                                 /s/ Patricia A. Gaughan
                                                PATRICIA A. GAUGHAN
Dated: 8/23/16                    United States District Judge